# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THOMAS W. MCNAMARA, as Court-Appointed Monitor,

Plaintiff,

vs.

INTERCEPT CORPORATION, *et al.*,

Defendants.

Case No.: 2:18-cv-02281-GMN-VCF

**ORDER**

Pending before the Court is the Motion to Dismiss, (ECF No. 17), filed by Defendants Craig Dresser, Intercept Corporation, Connie Mosier, and Bryan Smith (collectively, "Defendants"). Plaintiff Thomas W. McNamara, as Court-Appointed Monitor in Case No. 2:12-cv-00536-GMN-VCF ("Plaintiff"), filed a Response, (ECF No. 20), and Defendants filed a Reply, (ECF No. 24). For the reasons discussed below, the Court orders Plaintiff to file supplemental briefing addressing whether his claims are time-barred by Nevada's applicable statutes of limitations.

In their Motion to Dismiss, Defendants initially argue that Kansas's statutes of limitations apply two-year limitations windows to each of Plaintiff's claims. (Mot. Dismiss ("MTD"), 11:14–15, ECF No. 17). Choice of law principals command that district courts in Nevada generally apply the statute of limitations of the forum. *See Asian Am. Entm't Corp v. Las Vegas Sands, Inc.*, 324 Fed. Appx. 567, 568 (9th Cir. 2009) (affirming that Nevada courts sitting in diversity apply Nevada's statute of limitations to claims accruing out of the state); *Lien Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (finding that federal common law dictates that the law of the forum governs statute of limitations issues in federal question cases); *see also* Restatement (Second) of Conflict of Laws § 142 ("In general, unless

the exceptional circumstances of the case make such a result unreasonable: (1) The forum will apply its own statute of limitations barring the claim."). However, Nevada has a "borrowing statute," which applies the statute of limitations of the state where the claims accrued if the action could not be maintained in that state "by reason of lapse of time." Nev. Rev. Stat. 11.020. Alleging that Kansas's two-year statutes of limitations would bar Plaintiff's claims, Defendants' Motion asserts that "Kansas law applies." (MTD 12:3–4).

Despite their contention that the Kansas law governs the applicable limitations periods, Defendants argue, relying on Nevada law, that Plaintiff's claims are untimely. Defendants cite a recent case decided by Judge Dorsey, which held that a court-appointed receiver's fraudulent-transfer claims were time-barred because the claims began to accrue when the acts giving rise to the claims occurred, and the claims were not otherwise tolled until the appointment of the receiver. (*Id.* 13:20–15:2) (citing *McNamara v. Voltage Pay Inc.* ("*Voltage Pay*"), No. 2:15-cv-02177-JAD-GWF, 2017 U.S. Dist. LEXIS 137558 at *8 (D. Nev. Aug. 28, 2017)). Accordingly, they argue that Plaintiff's claims are time barred because they began to accrue in 2012. (MTD 13:20–15:22).

In his Response, Plaintiff presumes that Kansas law applies, but argues that the adverse domination doctrine tolled the statutes of limitations under Kansas law until his appointment. (Resp. 20:17–23:11, ECF No. 20). He argues that *Voltage Pay* is not controlling because it applied a Nevada statute of limitations, which does not provide equitable defenses available under Kansas law. (*Id.* 22:3–6).

In reply, Defendants modify their position regarding the applicable law. They argue that if the adverse domination doctrine were to apply in this case under Kansas law, then Nevada's statutes of limitations would apply. (Reply 7:2–8:4). The Court agrees. Nevada's borrowing statute only applies another state's statute of limitations if "by the laws thereof an action thereon cannot there be maintained against a person by reason of lapse of time . . . ." Nev. Rev.

Stat. 11.020. If, under Kansas law, the adverse domination doctrine tolled the statutes of limitations, then the action could be maintained under Kansas law. Therefore, because Plaintiff would not be precluded from raising its claims under Kansas law "by reason of lapse of time," Nevada's borrowing statute would not apply, and its own statutes of limitations would control.

Nevada does not recognize the adverse domination doctrine. *See USACM Liquidating Tr. v. Deloitte & Touche*, 754 F.3d 645, 649 (9th Cir. 2014). Additionally, Plaintiff's only argument distinguishing *Voltage Pay*, the one case either party cites discussing the operation of a statute of limitations in the context of a monitor or receivership, would likewise be of no avail.

If the claims are barred by the Nevada statutes of limitations, then the Court should dismiss the Complaint. *See Eriksen v. Wash. State Patrol*, 308 Fed. Appx. 199, 200 (9th Cir. 2009) (affirming dismissal with prejudice of state law claims that the district court correctly concluded were time barred). However, Plaintiff has not briefed a response to Defendants' arguments predicated upon the application of Nevada law.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall file a supplemental brief, not to exceed ten (10) pages, addressing whether its claims are time-barred under Nevada law within fourteen (14) days from entry of this Order.

**IT IS FURTHER ORDERED** that Defendants may file a response, not to exceed ten (10) pages, within seven (7) days of Plaintiff filing his supplemental brief.

**DATED** this \_\_15\_\_ day of January, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court