1  Dan R. Waite (Nev. Bar # 4078)
   **LEWIS ROCA ROTHGERBER CHRISTIE LLP**
2  3993 Howard Hughes Parkway, Suite 600
   Las Vegas, NV 89169
3  Tel: (702) 949-8200
   Fax: (702) 949-8398
4  Email: dwaite@lrrc.com

5  Richard Zack (*Admitted Pro Hac Vice*)
   **TROUTMAN PEPPER HAMILTON SANDERS LLP**
6  3000 Two Logan Square
7  Eighteenth and Arch Streets
   Philadelphia, Pennsylvania 19103
8  Tele: 215-981-4084
   *Attorneys for Defendants Intercept Corporation,*
9  *Bryan Smith, Craig Dresser, and Connie Mosier*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS W. MCNAMARA, as the Court-Appointed Monitor for AMG Capital Management, LLC; BA Services LLC; Black Creek Capital Corporation; Broadmoor Capital Partners, LLC; Park 269, LLC; C5 Capital LLC; DF Services Corp.; DFTW Consolidated [UC] LLC; Impact BP LLC; Level 5 Apparel LLC; Level 5 Capital Partners LLC; Level 5 Eyewear LLC; Level 5 Motorsports, LLC; Level 5 Scientific LLC; NM Service Corp. (f/k/a/ National Money Service); PSB Services LLC; Real Estate Capital LLC (f/k/a/ Rehab Capital I, LLC); Sentient Technologies; ST Capital LLC; Westfund LLC; Eclipse Renewables Holdings LLC; Scott Tucker Declaration of Trust, dated February 20, 2015; West Race Cars, LLC; and Level 5 Management LLC; and their successors, assigns, affiliates, and subsidiaries, | Case No. 2:18-cv-02281-GMN-VCF <br><br> **STIPULATION AND (PROPOSED) ORDER TO STAY PROCEEDINGS** |
| Plaintiffs, <br> v. <br><br> INTERCEPT CORPORATION; BRYAN SMITH; CRAIG DRESSER; CONNIE MOSIER; DOES I-X; and ROE CORPORATIONS I-X, <br><br> Defendants. | |

Plaintiff Thomas W. McNamara ("Monitor"), through his counsel, and Defendants Intercept Corporation, Bryan Smith, Craig Dresser, and Connie Mosier ("Defendants"), through their counsel (collectively the "Parties"), respectfully submit this Stipulation and (Proposed) Order to Stay Proceedings ("Stipulation").

**The Monitor's Position**

The Monitor believes the case against Defendants is meritorious and should be allowed to proceed. Both the Court's order in the related case of *Thomas W. McNamara v. Linda Hallinan, et al.* ("*McNamara v. L. Hallinan*"), Case No. 2:17-cv-02967-GMN-BNW (D. Nev.), and the Court's order in this case, denying in part and granting in part Defendants' motion to dismiss (in which the Court "conclude[d] that McNamara has the authority to bring his claims," including claims to recover fees paid to Defendants, see ECF No. 45 at 7), recognize the Monitor's authority to pursue the claims at issue here against Defendants.

The Monitor acknowledges, however, that the Court has stayed four related actions that he has brought due to the United States Supreme Court's review of the Court's decisions in *Federal Trade Commission v. AMG Services, Inc., et al.*, Case No. 2:12-cv-00536-GMN-VCF (D. Nev) — see, *Thomas W. McNamara v. Charles Hallinan, et al*., Case No. 2:17-cv-02966-GMN-NJK, at ECF No. 154 (D. Nev. Aug. 11, 2020), *Thomas W. McNamara v. Stealth Power, LLC, Case No. 2:18-cv-01813-GMN-NJK*, at ECF No. 60 (D. Nev. Sept. 3, 2020), *McNamara v. L. Hallinan, at ECF No. 156 (D. Nev. Sept. 14, 2020), and Thomas W. McNamara v. Gary Patten, et al.* ("*McNamara v. Patten*"), Case No. 2:17-cv-02968-GMN-NJK, at ECF No. 101 (Sept. 14, 2020).

Notwithstanding these orders, the Monitor believes that it would be beneficial to proceed with discovery. This is because of the possibility of witnesses' memories fading and documents being lost or destroyed during a stay. When granting the motion to stay in *McNamara v. Patten*, the Court cited the parties' completion of fact discovery as a reason that the stay would not result in prejudice to the Monitor. *See id*. at ECF No. 101 at 2. Here, the parties are in the midst of fact discovery as to Count III (aiding and abetting breach of fiduciary duty) only – neither side has yet deposed a witness, and the Monitor has issued several discovery requests to Defendants that are still outstanding.

- 2 -

1   Nonetheless, the Monitor recognizes the issues presented to the Supreme Court on appeal
2   directly affect the scope of the authorization provided to the Monitor in the underlying case (the
3   "Monitor Order.") Those issues apply equally to each of the cases brought by the Monitor, and
4   consequently, the Monitor understands that the Court is likely to ultimately stay the instant case,
5   too. As the Monitor has not brought this case on a contingency fee basis (unlike a number of the
6   other actions that he has brought pursuant to the Monitor Order), proceeding with discovery here
7   will result in direct costs to the Monitorship Estate. Recognizing that the likely end result is a
8   stay, the Monitor has deemed it to be in the best interests of the Monitorship Estate to stipulate to
9   a stay of this action.

**Defendants' Position**

Defendants do not believe this case is meritorious. While the Court previously found the Monitor had authority generally to initiate this action, the Court dismissed the majority of the claims set forth in the Monitor's original complaint for lack of standing and failure to sufficiently plead claims against the individual Defendants (ECF No. 45 at 17-22). The Monitor's amended complaint, which brings the same claims that were previously found to be lacking, should be dismissed in its entirety for the reasons set forth in Defendants' pending motion to dismiss (ECF No. 54).

Defendants also disagree that proceeding with discovery would be beneficial under the circumstances. The Monitor already has in his possession a vast amount of records and information, including Defendant Intercept's prior productions in response to the FTC's 2012 subpoena and the Monitor's 2018 subpoena in the *AMG Services* matter, and the possibility of memories fading is not an issue given that many of the events in question were already a decade old when the Monitor filed his original complaint against Defendants.

Defendants do agree with the Monitor, however, that a stay of this action is appropriate pending resolution of *AMG Capital Management, LLC v. Federal Trade Commission,* No. 19-508, a case which could, as this Court has explained in the *Hallinan*, *Stealth Power*, and *Patten* cases, directly affect the Monitor's scope of authority and, as a result, his ability to proceed in this action.

- 3 -

Accordingly, **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for the Parties, as follows:

1. The case shall be stayed pending the United States Supreme Court's decision in *AMG Capital Management, LLC v. Federal Trade Commission*, No. 19-508.

2. The Monitor and Defendants shall jointly file a status report every three months beginning on November 2, 2020, addressing the status of *AMG Capital Management, LLC v. Federal Trade Commission*, No. 19-508.

3. Any motions currently pending before the Court in this matter will be addressed by the Court once the stay is lifted.

4. Pending motions do not need to be refiled with the Court.

5. Upon the United States Supreme Court's decision, the Parties shall jointly petition the Court to lift the stay within seven (7) days of the decision.

6. If and after the stay is lifted, the Parties will be given a reasonable amount of time to complete fact discovery.

7. The Parties understand their obligations to preserve evidence while this matter is stayed.

DATED this 25th day of September, 2020.

| | |
|---|---|
| **MCNAMARA SMITH LLP** | **LEWIS ROCA ROTHGERBER CHRISTIE LLP** |
| By: */s/ Andrew M. Greene* | By: */s/ Dan R. Waite* |
| Edward Chang (NV 11783)<br>echang@mcnamarallp.com<br>Cornelia J. B. Gordon<br>(*Pro Hac Vice*)<br>cgordon@mcnamarallp.com<br>Andrew M. Greene<br>(*Pro Hac Vice*)<br>agreene@mcnamarallp.com<br>MCNAMARA SMITH LLP<br>655 West Broadway, Suite 1680<br>San Diego, California 92101<br>Tel: 619-269-0400<br>Fax: 619-269-0401 | Dan R. Waite (Nev. Bar # 4078)<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, NV 89169<br>Tel: (702) 949-8200<br>Fax: (702) 949-8398<br>dwaite@lrrc.com<br><br>Richard Zack *(Admitted Pro Hac Vice)*<br>**Troutman Pepper Hamilton Sanders LLP**<br>3000 Two Logan Square<br>Eighteenth and Arch Streets<br>Philadelphia, Pennsylvania 19103<br>Tel: 215-981-4084 |
| Michael F. Lynch (NV 8555)<br>Michael@LynchLawPractice.com<br>LYNCH LAW PRACTICE, PLLC<br>3613 S. Eastern Ave.<br>Las Vegas, Nevada 89169<br>Tel: 702-684-6000<br>Fax: 702-543-3279 | *Attorneys for Defendants Intercept Corporation, Bryan Smith, Craig Dresser, and Connie Mosier* |
| *Attorneys for Court-Appointed Monitor* | |

**IT IS SO ORDERED.**

Dated this  2   day of October, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5, I hereby certify that service of the foregoing "***Stipulation (And Proposed Order) To Stay the Proceedings***" was made through the United State District Court's CM/ECF system on counsel of record.

DATED this 25th day of September, 2020.

                              */s/ Luz Horvath*
                              An Employee of Lewis Roca Rothgerber Christie LLP